**Walter CLARK, Appellant,**

v.

**Mrs. Ruth H. JARRELL, Sammy Lobello, Jr.,
the City of Dallas, and Tom Jones,
Appellees.**

No. 4746.

Court of Civil Appeals of Texas.

Waco.

Nov. 7, 1968.

Rehearing Denied Dec. 11, 1968.

Green, Gilmore, Chrisman & Rothpletz,
Dallas, for appellant.

Saner, Jack, Sallinger & Nichols, N. Alex Bickley and Ted MacMaster, Storey, Armstrong & Steger, Dallas, for appellees.

OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Clark from summary judgment that he take nothing in a suit to enjoin violation of single family dwelling restrictions, alleged to exist against property owned by defendant Jarrell (which defendant Lobello has contracted to buy).

Plaintiff Clark sued defendants Jarrell, Lobello, City of Dallas and Jones, alleging defendant Jarrell filed deed restrictions restricting "Huffhines Hill Additions 1, 2 and 3, in Dallas County, Texas to single family dwellings in 1953; that plaintiff purchased a home in Huffhines Hill Addition 1 in 1955; that Huffhines Hill Additions 1 and 2 were developed according to the plan and restriction of single family dwellings only; but that on September 7, 1967 defendant Jarrell contracted to sell 8 acres adjoining Huffhines Hill Additions 1 and 2 to defendant Lobello; that defendant Lobello applied to the City of Dallas for a zoning change to erect multiple family dwellings on; that the City voted the zoning change; that defendant Jones, Building Inspector for City of Dallas, will issue building permits for defendant Lobello to construct multiple family dwellings on the property, contrary to the deed restrictions, unless all are permanently enjoined from so doing.

Defendants denied that Huffhines Hill Addition 3 had ever been platted and contend it was not subject to the restrictions.

Defendants thereafter moved for summary judgment, asserting that no genuine issue of fact existed and that defendants' property was not subject to the restrictions asserted by plaintiff.

The trial court granted defendants' motion for summary judgment that plaintiff take nothing.

Plaintiff appeals on 2 points, contending that the record reflects defendants undertook and so restricted the development of Huffhines Hill Addition 3 to single family use.

The sole question here is whether a fact issue exists as to whether the parties intended the restriction of single family dwellings on Huffhines Hill Addition 3, to be applicable to the real estate here involved.

Defendants filed affidavit that a plat for the 3rd Installment of Huffhines Hill Addition had never been filed of record with the County Clerk of Dallas County, and that the property plaintiff asserts subject to the restriction is shown as acreage on the filed plat.

Defendants filed the single family used restrictions in the Deed Records of Dallas County for "Huffhines Hill Additions 1, 2 and 3," in 1953; and amended same in 1954. A plat likewise filed reflects that Additions 1 and 2 were platted, but shows the 8 acres here involved, as "acreage."

Defendants filed affidavit that a Topography Map of "Huffhines Hill Addition, Sections 2 and 3," was filed with the City Planning Commission, and that a portion of the real estate covered by such map is the same real estate asserted by defendants not to be covered by the restrictions, and upon which it is proposed to erect multiple family housing units. A copy of the map is in the record as an exhibit.

We think a fact issue exists as to whether Huffhines Hill Addition Number 3 has been designated as the land here involved, so as to be covered by the restrictions, and that summary judgment was improper.

Reversed and remanded.